Kenneth Paul **JOHNSTON**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 02S00–9001–CR–00017.

Supreme Court of Indiana.

Sept. 30, 1991.

Gregory L. Fumarolo, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, for which he received a sentence of thirty (30) years; two convictions of Attempted Murder, for which he received sentences of fifty (50) years each, all sentences to run consecutively; two convictions of Confinement, for which he received sentences of ten (10) years each, to run concurrently with each other, but consecutively to the first three counts; and Murder, for which he received a sentence of sixty (60) years, enhanced by thirty (30) years by reason of his status as a habitual offender, to run consecutive to all other counts for a total executed term of two hundred thirty (230) years. The State concedes that the robbery count was raised to a Class A felony by reason of the bodily injury to the victim, which was the same physical harm which supports the first attempted murder charge. Therefore, the Class A felony judgment for the robbery

conviction must be remanded to the trial court for imposition of a Class C felony penalty. *See Mitchell v. State* (1989), Ind., 541 N.E.2d 265; *Malott v. State* (1985), Ind., 485 N.E.2d 879.

The facts are: During the evening of October 15 and the early morning hours of October 16, 1988, appellant and Waldo Farris were with the victim, Victor Cooley, at some bars in Fort Wayne, and during that time, appellant informed Farris that he intended to rob and beat Cooley. The three men eventually went to a farm in Allen County which was owned by friends of the appellant. After arriving at the farm, appellant attacked Cooley from behind with a brick. After knocking him to the ground, appellant then pounced upon Cooley and beat him with nun-chucks. Despite Cooley's plea for mercy, he was beaten into unconsciousness and his money was taken. Appellant and Farris thought Cooley was dead and left.

Appellant told Ralph Cook and Jenitha Strickland that they had beaten the man, and it was noticed that both appellant and Farris had blood on their clothing and money. A few hours later appellant and Farris returned to the farm for the purpose of disposing of the body with the young people whose parents owned the farm.

When they arrived, they discovered that Cooley was still alive. Appellant again attacked Cooley, beat him severely and tied him up, after which appellant continued to beat him with a cement block. By this time, Cooley's head was smashed and bleeding profusely. Appellant and Farris wrapped Cooley's body in a tarpaulin, placed it inside the trunk of a car, and drove away to dispose of the body. They drove to a bridge over a stream in Whitley County where they stopped and threw the body from the bridge. However, they realized that the body had landed on the bank and had not gone in the water. They then climbed down to where the body lay and discovered that Cooley in fact was still alive. Appellant again beat Cooley and finally placed him in the water and held his head under until he quit moving.

After leaving the scene, they attended a cookout at the farm where the initial beating had occurred, and while at the cookout they burned their bloody clothing and the bloody tarpaulin within which they had wrapped Cooley. At the cookout, appellant reenacted the crime. Sometime later, appellant related the events of the beatings to other persons at another party. Appellant also sold the victim's jacket, which had blood on it. He subsequently sold the car in which Cooley had been hauled, and it too was discovered to have blood in the trunk.

In February of 1989, Farris was arrested in California on an unrelated charge but told the police of the activity in Indiana and implicated appellant. Charges were filed in both Whitley County and Allen County. The charges in Whitley County subsequently were dismissed in favor of prosecution in Allen County. Farris entered a plea of guilty under a plea agreement in Whitley County and eventually obtained a grant of immunity in Allen County.

■ Appellant claims the trial court erred in imposing the separate and consecutive sentences for two counts of attempted murder. He takes the position that the attempted murder counts are included offenses in the murder charge. It is true that a defendant cannot be convicted of two separate crimes stemming from a single act where one is a lesser-included offense of the other. *Mihay v. State* (1987), Ind., 515 N.E.2d 498.

■ However, in the case at bar, the time sequence sets out the murder attempts as separate and distinct from the murder which eventually was accomplished. After the first attack upon the victim, at which time the robbery occurred, he was left for dead by the perpetrators. When they returned to the scene for the purpose of disposing of the body, they found the victim still alive. The victim again was beaten severely until he was believed once more to be dead. His body then was bound and wrapped in a tarpaulin, placed in the trunk of a car, and transported to a bridge over a stream into which the victim was thrown. However, the perpetrators discovered the body in fact

had not landed in the water but on the bank and they proceeded to descend to the bank where again, for the third time, after a severe beating, they discovered the victim to be alive. His body then was placed in the water and appellant held him under until he stopped moving.

It thus is apparent that on two separate occasions the perpetrators attempted but failed to kill the victim. It apparently was not until the third assault on the victim that death resulted. Thus two separate attempts at murder were perpetrated by beating before a third accomplished the murder by beating and drowning. *See Jones v. State* (1988), Ind, 523 N.E.2d 750. The trial court did not err in imposing separate sentences for the separate offenses.

■ Appellant contends the trial court erred in not taking into account mitigating circumstances of a prior felony conviction which was used in the habitual offender phase. He argues that the trial court should have considered as a mitigating factor that one of his prior convictions was a Class D felony. Indiana Code § 35–50–2–8(e) provides that if one of the prior felonies was a Class D felony, the court *may* subtract up to ten (10) years from the additional fixed term of thirty (30) years. Subsection 8(g) provides the court may also consider the aggravators and mitigators in § 35–38–1–7.1, which are the standard considerations used in imposing sentence.

Appellant concedes that the reduction is not mandatory. However, he goes on to argue that his prior convictions were the result of crimes perpetrated against his mother and stepfather and that because there were no serious personal injuries or property damage, the trial court should have considered that fact as mitigating and thus should have exercised the reduction option available in the statute.

■ Aggravating and mitigating circumstances are to be considered as to the current charge only. Those matters were considered by the trial court at the original sentencing under his prior conviction. It would not be proper for a court at a later date, in deciding appellant's status as a habitual offender, to reevaluate the prior court's holdings and find there to be circumstances in mitigation of the prior conviction. The purpose of Ind.Code § 35–50–2–8 is for the judge to exercise his sound judgment in the application of the habitual offender enhancement under the stated circumstances. We see no abuse of the trial court's discretion in this case. *See Wilson v. State* (1987), Ind., 513 N.E.2d 653.

■ Appellant claims his two hundred thirty (230) year sentence is violative of the constitutional provisions prohibiting cruel and unusual punishment and violates the reformation policy of the Indiana Penal Code as stated in art. I § 18 of the Indiana Constitution. An examination of the various penal statutes of this State demonstrates that trial judges are empowered to impose consecutive sentences on multiple crimes and that the legislature has not seen fit to put any limitation upon the aggregate number of years which may be imposed.

We have held previously that as long as the trial court's sentence is authorized by the legislature, a sentence may be reversed only if it is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Henley v. State* (1988), Ind., 522 N.E.2d 376. Under the facts in the case at bar, we cannot say that a reasonable person would dispute the propriety of the trial court's decision. *Parrish v. State* (1987), Ind., 515 N.E.2d 516. We find no error in the trial court's sentence.

■ Appellant contends there is insufficient evidence because there is a conflict in the State's evidence concerning the date of the occurrence and further the body of the alleged victim has never been recovered. To support these contentions, appellant claims the testimony of Waldo Farris is inherently incredible. Although Farris testified in detail as to the activities which led to the assault on the victim, appellant contends that his testimony that these acts occurred on Saturday night was discredited by the testimony of Beth Gerardot, who testified that the sequence of events which preceded the alleged killing occurred on Friday night not Saturday night.

Appellant thus postulates that it was Farris who did the killing on Saturday night, that appellant was not there. In fact, Farris' testimony was that he and appellant engaged in drinking with the victim on both Friday and Saturday night and that the first attack occurred on Saturday night. We see nothing inherently contradictory in the testimony of Farris and Gerardot. The jury could very well have found that both in fact were testifying to the truth as they perceived it.

Gerardot had no knowledge of the killing or any indication that such a situation was about to develop. Her contact with the three men was on a social basis, and whether she was correct in testifying that her contact was with them on Friday night or whether she was incorrect and her contact actually was on Saturday night seems of no moment. We see nothing in her casual contact with these men to justify the jury's total discounting of Farris' testimony. *See Gebhart v. State* (1988), Ind., 525 N.E.2d 603; *Dullen v. State* (1986), Ind., 496 N.E.2d 381.

■ Appellant further claims the evidence is insufficient because there is no direct evidence that Victor Cooley actually died because no body was ever found. The jury was entitled to consider that a search for Cooley's body did not begin until six months after the murder and the river had flooded two or three times during that period. A jury is entitled to presume the death of a victim where circumstantial evidence is substantial in that regard. *See Campbell v. State* (1986), Ind., 500 N.E.2d 174.

In addition to Farris' testimony, there was the evidence that appellant told others what they had done, acted out his attack on the victim at a party, sold the victim's bloody jacket, and that blood was found in the trunk of the car in which Farris claimed the body had been transported, together with Farris' testimony that he had observed appellant hold the victim under water until he quit moving. Thus there was ample evidence from which the jury could determine that Cooley in fact had been killed.

■ Appellant contends he was denied the right to a speedy trial. He claims that he filed a speedy trial request in Whitley Circuit Court and that the request should have carried over when the charges were dismissed in Whitley County and he was prosecuted in Allen County. He contends that he was not brought to trial within the required time in Allen County after his speedy trial motion had been filed in Whitley County.

■ Where a single crime or a series of crimes are commenced in one county and continued into a second county the prosecution may be held in either. *Stone v. State* (1988), Ind., 531 N.E.2d 191; *Davis v. State* (1988), Ind., 520 N.E.2d 1271; *Osborne v. State* (1981), Ind., 426 N.E.2d 20. In view of the circumstances of this case, it was proper for the prosecuting attorneys of the respective counties to agree that Allen County was the better forum in which to try the case. We see no merit to appellant's contention that his motion for speedy trial filed in Whitley County should carry over to Allen County.

■ When the charges were moved to Allen County, appellant had every opportunity to file a motion for speedy trial. In fact, he did file a motion for speedy trial on May 3, 1989 in Allen County. The trial was set for May 12, 1989, but on that date, appellant agreed to reset the trial to June 26, 1989. On June 15, 1989, appellant agreed that the trial be set for August 7, 1989. These agreements on the part of appellant extending the date beyond the seventy-day period required under a speedy trial motion constituted a waiver. *See Stone, supra; Perry v. State* (1984), Ind., 471 N.E.2d 270; *Minneman v. State* (1982), Ind., 441 N.E.2d 673, *cert. denied*, 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307. We find no denial of appellant's right to an early trial.

This cause is remanded for resentencing on the robbery conviction as a Class C felony; in all other things, the trial court is affirmed.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., concurs except as to second Attempted Murder. He would hold that it merged with the murder and vacate that part of the sentence.