Mary L. **TACKETT**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 39S00-9304-CR-00435.

Supreme Court of Indiana.

Nov. 17, 1994.

Eugene C. Hollander, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

## ON DIRECT APPEAL

DeBRULER, Justice.

This is an appeal of a sentence imposed by the Jefferson Circuit Court. In accordance with a plea agreement, Appellant Mary L. Tackett pled guilty to murder, criminal confinement, and arson. The plea agreement resulted in a dismissal of a death penalty count and permitted a contested sentencing hearing where the State retained the right to pursue the maximum sentences available, but agreed to recommend that all sentences run concurrently. The sentencing judge concluded that the arson and murder convictions merged and sentenced Appellant to the maximum sentences available for murder, sixty (60) years, and criminal confinement, twenty (20) years, and ordered that the sentences be served concurrently, in accordance with the prosecutor's recommendation.

Appellant presents two issues for review: 1) whether the trial court erred in imposing a separate sentence on count II, criminal confinement; and

2) whether Appellant's sentence was manifestly unreasonable.

### Facts

Appellant participated with three other girls in the torture and murder of a twelve (12) year old girl. For a complete statement of the facts see *Loveless v. State* (1994), Ind., 642 N.E.2d 974.

### I

Appellant claims that because the criminal confinement, arson, and murder arose from the same factual situation she should only be sentenced for the murder, i.e. that the three charges merge. The trial court did merge the arson and murder convictions because arson was nothing more than the means of accomplishing the killing. Appellant claims that the same considerations indicate that the criminal confinement charge merged with the murder charge, citing *Wethington v. State* (1990), Ind., 560 N.E.2d 496.

*Wethington* involved a double jeopardy challenge to separate sentences imposed for both robbery and criminal confinement. The Court held that where the criminal confinement is no more than that necessary to accomplish the robbery, as was made clear in the charging instruments, double jeopardy bars conviction on both, quoting *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81. However, that case makes clear that "*any* confinement of the victim beyond that inherent in the force used to effectuate the robbery constitutes a violation of the confinement statute apart from the violation inherent in the offense of robbery." *Id.* at 84–85 (emphasis added). If the word "robbery" in that quota-

tion is replaced by the word "murder" it becomes apparent that the presence of merger is illusory. The criminal confinement in this case far exceeded that necessary to accomplish the murder and there was no error in imposing a separate sentence for that charge.

## II

■ Appellant next claims that her sentence was "manifestly unreasonable." This is a difficult argument to make because, if a sentence is in accordance with the relevant statute, this Court will not modify it unless it appears to be manifestly unreasonable considering the nature of the crime and the character of the offender. *Zenthofer v. State* (1993), Ind., 613 N.E.2d 31.

■ The consideration of aggravating and mitigating factors in imposing sentences is controlled by Ind.Code § 35–38–1–7.1. This section lists nine (9) factors that the trial court may treat as aggravating circumstances and ten (10) factors that it may treat as mitigating circumstances. None of these statutory aggravating factors was found by the trial court, though it found one (1) statutory mitigating factor. In addition, the trial court considered other matters in accordance with subsection (d).

The trial court found two aggravating circumstances, that the victim of the murder was only twelve (12) years old and the "gruesome nature" of the crime, "involv[ing] planning and result[ing] in the confinement of the victim for a period of over eight (8) hours and suffering by the decedent for the last four (4) to five (5) hours of her life" and "badly mutilat[ing]" the victim's body. The first aggravating circumstance is indicative of the control which Appellant exercised during the events comprising these crimes and is entitled to significant weight. The latter circumstance, however, involving as it does an extended intent to engage in the pointless torture of a helpless victim and then to burn her body, is extremely serious and certainly justifies a sentence enhancement.

The trial court also found two mitigating factors, Appellant's age and her lack of any prior juvenile or criminal activity. However, it neglected to consider several mitigating

factors which it should have considered. Appellant's history of substance abuse, self-mutilation, suicidal tendencies, physical abuse by her mother, hospitalization for psychiatric disorders, and being a victim of multiple sexual assaults are all legitimate concerns in determining an appropriate sentence.

The suicidal tendencies and self-mutilation were apparent as she was admitted to prison with scars from razor cuts on both arms and her stomach. She had previously been treated for slashing her wrists on at least two occasions, with only a week separating the two known self-destructive acts. This clearly evidences deep mental disturbance. These circumstances are all to be weighed by the trial court. *Jones v. State* (1984), Ind., 467 N.E.2d 681.

The trial court is accorded substantial deference in exercising its sentencing powers. *See e.g., Johnson v. State* (1991), Ind., 578 N.E.2d 656. *But see Evans v. State* (1992), Ind., 598 N.E.2d 516 (reversing a death sentence in favor of a term of years); *Best v. State* (1991), Ind., 566 N.E.2d 1027 (reducing total sentence from twenty-seven to seventeen years); *Clark v. State* (1990), Ind., 561 N.E.2d 759 (reducing thirty-five year sentence to five years). Where, as here, proper consideration of a background with deep mental disturbance as a mitigating circumstance is lacking, revision of sentence or remand for a new sentence may be required

### CONCLUSION

Having given due consideration to the value of the additional mitigating circumstances noted above, the Court is nevertheless not persuaded that the maximum sentence for murder imposed by the trial court was manifestly unreasonable in light of the offense and the offender. Accordingly, the sentences are affirmed as are the convictions.

SHEPARD, C.J., and SULLIVAN, J., concur.

GIVAN, J., concurs in result.

DICKSON, J., dissents as to Part II but otherwise concurs.