**Alvin F. MERRITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9506–CR–307.

Court of Appeals of Indiana.

April 19, 1996.

Transfer Denied June 9, 1996.

John M. Sorensen, Lafayette, for Appellant.

Pamela Carter, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Alvin F. Merritt appeals the sentence he received upon his conviction of Theft/Receiv-

---

ing Stolen Property,[1] a class D felony, and the determination that Merritt was an habitual offender.[2]

We affirm.

The facts favorable to the judgment are that a jury found Merritt guilty of theft for his involvement in an attempted theft of clothing from an L.S. Ayres Department Store in Lafayette, Indiana. The jury also determined that Merritt was an habitual offender. Merritt received an enhanced sentence of three years for the theft conviction and the sentence was further enhanced by four-and-one-half years as a result of the habitual offender determination. The trial court suspended two years of the sentence and ordered two years of probation. Merritt appealed the sentence and in a December 19, 1994 unpublished opinion, this court remanded to the trial court with instructions to enter more specific findings to support the enhanced sentence or, in the alternative, to impose the presumptive sentence for a class D felony.

Upon remand, following a February 6, 1995 hearing, the court imposed the same sentence as had originally been imposed. The court found Merritt's medical condition as the only mitigating circumstance and found the following aggravating circumstances:

(A) Defendant['s] extensive criminal record of serious criminal conduct as listed in the pre-sentence report;

(B) Defendant['s] history of anti-social and crime, substance abuse and pattern [sic];

(C) Defendant has been convicted of offenses involving handguns;

(D) Crimes of violence against individuals;

(E) Defendant has been afforded opportunities for rehabilitation by the criminal justice system.

*Record* at 26–27.

■ Merritt does not specifically challenge the imposition of an enhanced sentence for the D felony conviction. Indeed, the record reflects that the articulation of aggravating circumstances accompanying the pronounce-

ment of sentence upon that conviction adequately supported the enhancement. *See, e.g., Fugate v. State,* 608 N.E.2d 1370 (Ind. 1993) (an enhanced sentence may be imposed based upon a criminal history as the lone aggravating factor). He contends, however, that the trial court erred in sentencing because it "impermissibly used the prior criminal record of Alvin F. Merritt ... both to aggravate his underlying felony and to determine the length of his enhancement as an habitual offender." Appellant's Brief at 15.

■ Upon a determination that a person is an habitual offender, the length of the sentence enhancement imposed based upon such a finding is left to the trial court's sound discretion. *Johnston v. State,* 578 N.E.2d 656 (Ind.1991). The limits of an habitual offender enhancement are established by statute:

(e) The court shall sentence a person found to be a habitual criminal to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty years.

Ind.Code Ann. § 35–50–2–8(e) (West Supp. 1995). The presumptive sentence for the underlying offense in the instant case was one-and-one-half years. Therefore, the trial court was authorized to enhance Merritt's sentence from one-and-one-half years to three times that amount, or four-and-one-half-years. Merritt characterizes the imposition of the maximum enhancement as an enhancement in its own right, and contends that such must be accompanied by a finding of aggravating circumstances much the same as is required when imposing an enhanced sentence for the underlying felony. He further contends that the aggravating circumstances supporting enhancement of the sentence for the underlying conviction may not also be cited in support of the imposition of the maximum habitual offender enhancement without violating constitutional double jeop-

---

1. Ind.Code Ann. § 35–43–4–2 (West 1986).

2. Ind.Code Ann. § 35–50–2–8 (West Supp.1995).

ardy principles. Merritt's underlying premise is flawed.

There is no authority for the proposition that a trial court must set forth aggravating and mitigating circumstances explaining the particular habitual offender enhancement chosen by the court. Merritt bases his argument in part upon analogizing the procedures governing sentencing for underlying convictions, *see* Ind.Code Ann. § 35–38–1–3 (West 1986) and for sentencing upon an habitual offender determination, *see* IC § 35–50–2–8. However, the former statute specifically states that the record of the sentencing hearing shall include, "if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes." IC 35–38–1–3(3). The latter, pertaining to the habitual offender enhancement, contains no such requirement. Aside from setting the parameters concerning the length of the enhancement, the relevant statutes contain no guidelines or formulas for courts to apply or follow when determining the length of the habitual offender enhancement. Instead, the decision is left to the trial court's discretion. *Johnston, supra.* Moreover, in *Johnston,* our supreme court specifically stated that aggravating and mitigating circumstances "are to be considered as to the [underlying] charge only." *Id.* at 659. We therefore reject an argument implicit in Merritt's contention, i.e., that there is a presumptive sentence imposed for an habitual offender determination (presumably the same as the presumptive sentence for the underlying felony) and that the imposition of a greater enhancement must be accompanied by recitation of the factors considered.

In summary, the determination of the appropriate habitual offender enhancement within the range set forth in IC § 35–50–2–8 is left to the trial court's discretion and the relevant statutes do not impose a requirement that pronouncement of the habitual offender enhancement must be accompanied by a statement setting forth aggravating and mitigating circumstances, regardless of whether the court imposes the maximum al-

lowable enhancement. The trial court did not err in sentencing Merritt as it did.

Judgment affirmed.

SULLIVAN and RUCKER, JJ., concur.