Trevor T. NUNN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9701–CR–57.

Court of Appeals of Indiana.

April 8, 1998.

Steven C. Smith, Patrick R. Ragains, Jane G. Cotton, Smith, Ragains & Cotton, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Trevor Nunn appeals his convictions and sentences for five counts of Attempted Murder, class A felonies. The dispositive issue presented is whether the prohibition against double jeopardy precludes five convictions and five separate sentences for five shots fired at a single victim in the space of a few seconds.

The facts most favorable to the State establish that Officer Darron Sparks was driving his marked police car and wearing his uniform when he responded to a call that Nunn had battered his girlfriend and was armed. Sparks knew Nunn by sight and saw him walking along the street. Sparks pulled to the curb, called to Nunn and turned his bright lights on Nunn. Nunn walked toward Sparks. When about a half block distant, Nunn began running toward Sparks and pulled out a handgun. He fired a shot as he came around Sparks' car door, striking Sparks in the forearm and knocking him down. Nunn then stood above Sparks, pointed the gun at Sparks' head and fired four more shots before walking away. The last four shots did not injure Sparks. Following the jury's guilty verdicts, the trial judge sen-

tenced Nunn to fifty years on each of the five counts of attempted murder with the sentences to run consecutively.[1]

█ The double jeopardy clause of the Fifth Amendment to the United States Constitution embodies three separate but related prohibitions. It protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. *Jackson v. State*, 625 N.E.2d 1219, 1221 (Ind.1993). Here, we are concerned with the third prong of the protection, but not in the usual scenario where one offense is found to be included within another.[2]

█ Instead we are required to consider whether Nunn's actions constitute multiple offenses, or whether they combined to create one offense of attempted murder. Clearly, had Nunn succeeded in killing the officer there would have been only one murder, since there was only one victim. *See, e.g., Pasco v. State*, 563 N.E.2d 587 (Ind.1990). Equally clearly, a person may properly be found guilty of murdering someone and be found guilty of separate attempts to murder that same victim. *Johnston v. State*, 578 N.E.2d 656 (Ind.1991). In *Johnston,* the defendants beat the victim and tried to kill him. When they returned to bury him, they found the victim still alive and again tried to kill him. They took the victim to a river where they threw him off a bridge. They missed the river, went down to the victim, found him still alive and finally succeeded in killing him. *Id.* at 658.

Yet our decisions have long recognized that actions which are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose and continuity of action as to constitute a single transaction. *Eddy v. State*, 496 N.E.2d 24, 28

(Ind.1986); *Thompson v. State*, 441 N.E.2d 192, 194 (Ind.1982).

█ We realize the elusive nature of attempting to define precisely when a series or joinder of actions by an accused depart from separate and distinct incidents and coalesce into a single offense. Yet we have no hesitation in concluding that Nunn's attempt to kill the police officer did so here. Suppose Nunn had possessed an automatic weapon with a fifty round clip, and that in one burst he fully discharged the weapon at the officer without hitting him. Could it be seriously contended that he thereby committed fifty attempted murders for which he could be sentenced to 2500 years in prison? We think not.

Nunn was properly convicted of the attempted murder of Officer Sparks. His actions in that regard, however, constituted but one attempt. We therefore vacate the convictions and sentences for four counts of attempted murder. In all other respects the judgment is affirmed.

Reversed in part, affirmed in part.

STATON and SHARPNACK, JJ., concur.

---

1. Nunn was also convicted and sentenced on various other counts, none of which are raised for consideration in this appeal.

2. Indeed, a line of decisions beginning with *Bevill v. State*, 472 N.E.2d 1247 (Ind.1985) preclude enhancing the class of two or more felonies based upon injury to a single person. The con-

tinued vitality of those cases may, however, be questioned due to the recent decisions in *Games v. State*, 684 N.E.2d 466 (Ind.1997) and *Valentin v. State*, 688 N.E.2d 412 (Ind.1997). We need not rely on the *Bevill* reasoning to reach our result.