**Jaudon GOODALL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0311–CR–944.

Court of Appeals of Indiana.

June 7, 2004.

Chris P. Frazier, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Jaudon Goodall appeals the sentence imposed by the trial court. Specifically, he contends that his four-year habitual offender enhancement is inappropriate. Given the nature of the offense and the character of the offender, we conclude that Goodall's enhancement is not inappropriate.

### Facts and Procedural History

On April 5, 2002, Indianapolis Police Department officers were conducting an undercover drug reversal operation, which is where officers pose as drug dealers and sell fake drugs to people who approach them. On that day, Officer Chester Gooch was posing as a drug dealer. Officer Gooch was about to sell fake drugs to Michael James when Goodall drove up in his car, exited the car, and approached Officer Gooch and James. Goodall told James "that he didn't want any of that" and opened his hand to reveal a white substance. Tr. p. 28. James then left with Goodall, and the pair walked across the street, talked briefly, and exchanged items. Goodall returned to his car and drove away.

Additional police officers were in the area assisting with the undercover drug reversal operation, and they were alerted of a possible drug deal as well as a description of Goodall's car and his direction of travel. Officer Dale Young pulled his patrol car behind Goodall's car and activated his emergency lights and siren. Goodall slowed down and started to pull over, but then he rapidly accelerated and pulled off. Officer Young pursued Goodall. Goodall, who reached speeds of up to sixty miles per hour in a twenty-five mile per hour zone, ran four stop signs and then crashed his car. After crashing his car, Goodall fled on foot. Officer Young eventually apprehended Goodall and placed him under arrest. No drugs were found on Goodall's person.

The State ultimately charged Goodall with dealing in cocaine as a Class A felony, possession of cocaine as a Class B felony, and resisting law enforcement as a Class D felony. The State also alleged that Goodall was a habitual offender. Following trial, the jury found Goodall guilty of resisting law enforcement [1] but not guilty of dealing in cocaine and possession of cocaine. Thereafter, Goodall pled guilty to being a habitual offender. The trial court sentenced Goodall to two years for resisting law enforcement, enhanced by four years for being a habitual offender, for an aggregate sentence of six years. Goodall now appeals.

### Discussion and Decision

Goodall raises one issue on appeal: he contends that his four-year habitual offender enhancement is inappropriate. Goodall does not challenge his two-year sentence for the underlying offense of resisting law enforcement as a Class D felony. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender.

When a defendant is found to be a habitual offender, the trial court shall enhance the sentence for the underlying offense by no less than the presumptive sentence and by no more than three times the presumptive sentence. Ind.Code § 35–50–2–8(h). Here, the presumptive sentence for the underlying offense, a Class D felony, is one and one-half years. *See* Ind.Code § 35–

---

1. Ind.Code § 35–44–3–3(a)(3).

50–2–7(a). Accordingly, the trial court was authorized to enhance Goodall's sentence from one and one-half years to three times that amount, or four and one-half years. The trial court imposed a four-year enhancement, which is within the allowable range for a Class D felony.

■ Generally, we begin our review of the appropriateness of a sentence by looking to the aggravating and mitigating circumstances identified by the trial court. *See Haddock v. State*, 800 N.E.2d 242, 247–48 (Ind.Ct.App.2003). However, because there is no presumptive sentence for a habitual offender enhancement, the trial court does not have to set forth any aggravating or mitigating circumstances that explain the particular habitual offender enhancement that it chose. *Merritt v. State*, 663 N.E.2d 1215, 1217 (Ind.Ct.App.1996), *trans. denied*. We therefore proceed to address the nature of the offense and the character of the offender.

■ Our review of the nature of the offense reveals that Goodall engaged in a high-speed chase with the police on city streets, reaching speeds of up to sixty miles per hour in a twenty-five mile per hour zone. Goodall ran four stop signs and ultimately crashed his car, striking the front porch of a house and coming to rest in the street. Goodall then fled on foot.

Our review of the character of the offender reveals that Goodall had six convictions at the time he committed the instant offense: possession of cocaine in 1989; dealing in cocaine in 1990; dealing in cocaine in 1993; auto theft in 2000; public intoxication in 2000; and possession of paraphernalia in 2001. As part of his sentences in five of the above cases, Goodall was placed on probation. He subsequently had his probation revoked in four of those cases; a revocation in the fifth case awaits the disposition of the instant case. Additionally, while out on bond in the instant case, Goodall was arrested for criminal confinement and was sentenced to fourteen years. Goodall has been given numerous chances at rehabilitation and has failed at them all.

After due consideration of the trial court's decision, we cannot say that the four-year habitual offender enhancement is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

SULLIVAN, J., and MAY, J., concur.