Matthew A. BAUGH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A04–0911–CR–621.

Court of Appeals of Indiana.

May 5, 2010.

Transfer Granted July 30, 2010.

Steven J. Bruce, Public Defender's Office, Muncie, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole Dongieux Wiggins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Matthew A. Baugh appeals his two convictions and consecutive sentences for class B felony sexual misconduct with a minor, as well as the determination that he is a sexually violent predator. We affirm.

### Issues

I. Has Baugh procedurally defaulted his argument that the trial court failed to comply with statutory requirements in determining that he is a sexually violent predator?

II. Did the trial court abuse its discretion in ordering consecutive sentences?

III. Do Baugh's convictions violate the Indiana Constitution's prohibition of double jeopardy under the continuing crime doctrine?

### Facts and Procedural History

In the fall of 2007, fourteen-year-old Z. (born August 1, 1993) and E. were eighth-

grade classmates and best friends. Z.'s parents had recently divorced, and E.'s father had recently died. Z. frequently spent the night at E.'s residence.

Baugh, E.'s half-brother, was twenty-six years old in November 2007. According to Z., in November 2007, Baugh demonstrated an interest in Z.—holding her hand, making eye contact, talking to her on her cell phone—and then "started dating" her. Tr. at 124. In December 2007, in E.'s room, they "had sex," *id.*, by which Z. meant that "[Baugh's] penis went in [her] vagina." *Id.* at 100, 110. Baugh had sex with Z. "[o]ver ten" times between December 2007 and mid-March 2008. *Id.* at 101. In addition, they engaged in oral sex, with "[Z.'s] mouth on his penis and his mouth on [her] vagina," and he asked her "to call him Daddy Matt." *Id.* at 103. Baugh told Z. that no one could "know" about their relationship "[b]ecause he would go back to prison." *Id.* at 105. At the end of March 2008, Z. admitted to her mother "[t]hat [she] and [Baugh] were sleeping together." *Id.* at 112.

On April 18, 2008, the State charged Baugh with two counts of class B felony sexual misconduct with a minor. As amended on April 25, 2008, each count alleged that "between November 1, 2007, and March 30, 2008," Baugh had intentionally performed or submitted to sexual intercourse with Z., "a child at least fourteen (14) years of age but less than sixteen (16) years of age." Appellant's App. at 23, 24. At trial, Z. testified to the foregoing. On September 1, 2009, the jury found Baugh guilty on both counts.

On September 4, 2009, pursuant to Indiana Code Section 35-38-1-7.5(e), the State filed a petition asking the trial court to order evaluations to determine whether Baugh was a sexually violent predator. The trial court granted the petition and requested that Dr. Rebecca Mueller and Dr. Frank Krause examine Baugh "to determine whether or not he is a Sexually Violent Predator." *Id.* at 175. The doctors conducted their examinations and submitted reports, each opining that Baugh suffered from a personality disorder and was likely to commit additional sexual offenses.

On October 7, 2009, the trial court held the sentencing hearing. The State argued that "[b]ased upon" the evaluations of Dr. Mueller and Dr. Krause and "the definition of a sexually violent predator," the trial court should find Baugh "to be a sexually violent predator and require him to register for life in the sex registry." Tr. at 427, 428. Baugh's counsel asserted that with respect "to the determination of the sexual violent predator, I think that the Court has to make that determination based upon the charge that he's been convicted [sic] and the doctors' reports, and I would leave that up to the Court." *Id.* at 429–30. The trial court "reviewed the reports of Dr. Mueller and Dr. Krause" and found that Baugh was a sexually violent predator "within the meaning of the statute." *Id.* at 277. The trial court sentenced Baugh to serve twelve years executed on each count, with the sentences "served consecutively." *Id.* at 432.

## Discussion and Decision

### I. *Sexually Violent Predator Determination*

Indiana Code Section 35-38-1-7.5 provides that a " 'sexually violent predator' means a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense (as defined in IC 11-8-8-5.2)." Ind.Code § 35-38-1-7.5(a). The statute further provides that a person at least eighteen years of age who is convicted of certain specified crimes "is a sexually violent predator" by operation of

law. Ind.Code § 35–38–1–7.5(b). Sexual misconduct with a minor is not one of those offenses. *Id.* However, class B felony sexual misconduct with a minor *is* a sex offense as defined in Indiana Code Section 11–8–8–5.2 and requires registration with the local law enforcement authority under Indiana Code Chapter 11–8–8.[1] In such a case, *i.e.,* when the person is convicted of class B felony sexual misconduct with a minor, Indiana Code Section 35–38–1–7.5 provides for the possibility of the trial court's determination, at sentencing, that he is a sexually violent predator.

Specifically, if, by operation of law, the person "is not a sexually violent predator under subsection (b)" but has been convicted of a specified sex offense requiring registration, the State

> may request the court to conduct a hearing to determine whether the person … is a sexually violent predator under subsection (a). If the court grants the motion, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person is a sexually violent predator under subsection (a). A hearing conducted under this subsection may be combined with the person's sentencing hearing.

Ind.Code § 35–38–1–7.5(e). A sexually violent predator—whether by operation of law, or adjudicated pursuant to the above statutory procedure—is required to register for life. Ind.Code § 11–8–8–19(b).

Baugh argues that the trial court failed to comply with the statutory requirements for making a sexually violent predator determination. Specifically, he notes that "[n]o live testimony was presented at the sentencing hearing regarding the doctors' evaluations"; that no other "hearing on the matter was conducted"; and that there is no evidence "that the two persons who submitted reports had any expertise in criminal behavioral disorders." Appellant's Br. at 3. Accordingly, he argues, the determination that he is a sexually violent predator must be vacated. The State responds that Baugh "has waived this claim on appeal" because "he did not object to this determination at sentencing[.]" Appellee's Br. at 5.

We agree with the State. Our supreme court has acknowledged that "[t]he term 'waiver' has been applied to several different concepts." *Bunch v. State,* 778 N.E.2d 1285, 1287 (Ind.2002). The concept addressed by the State is that of procedural default, which occurs when "a party has failed to take the necessary steps to preserve the issue." *Id.* The State correctly observes that, "as a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court." *Washington v. State,* 808 N.E.2d 617, 625 (Ind.2004). This rule "protects the integrity of the trial court, which should not be found to have erred as to an issue or argument that it never had an opportunity to consider." *Nance v. Miami Sand & Gravel, LLC,* 825 N.E.2d 826, 834 (Ind.Ct.App.2005), *trans. denied.* Because Baugh failed to present his argument to the trial court, we conclude that he has procedurally defaulted and thus waived it

---

1. The registration period for a person convicted of class B felony sexual misconduct with a minor is ten years. Ind.Code § 11–8–8–19(a).

for purposes of this appeal.[2]

## II. Sentence

■ In its sentencing order, the trial court found the following aggravating circumstances: Baugh's "history of adult criminal activity," consisting of ten misdemeanor and five felony charges, with two misdemeanor and two felony convictions; his recent probation violations; the "particularly heinous or disturbing" facts of the instant offenses; the "substantial degree of care and planning and manipulation" of Baugh "in the commission" of the offenses; four prior unsuccessful attempts at correction and/or rehabilitation through detention, incarceration, and probation; and the "particularly devastating" effect of his offenses upon Z. and her family. Appellant's App. at 276, 277. The court "note[d]" the request of Z. and her family that the maximum sentence be imposed. *Id.* at 277. Finally, as mitigating circumstances, the trial court "considered" that Baugh had "some family backing and support and may be likely to respond affirmatively to a term of incarceration." *Id.*

Baugh argues that the trial court "abused its discretion in ordering each count to be served consecutively by giving improper or undue consideration to several alleged aggravating circumstances." Appellant's Br. at 7. Specifically, he asserts

that four of the above aggravating circumstances should not have been considered and only two—his prior criminal history and unsuccessful correction and/or rehabilitation—were "properly used" in the trial court's "determination to make the sentences consecutive." *Id.* at 9. Therefore, he concludes, his "sentence should be modified and ordered to run concurrently." *Id.* We disagree.

■ "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218. A sentence "within the statutory range ... is subject to review only for abuse of discretion." *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effects of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* The weight to be given properly found aggravating and mitigating circumstances is a determination made by the trial court and not subject to review on appeal. *Id.* at 491. Finally, we note that "[a] single aggravating factor is sufficient to justify the imposition of consecutive sentences." *Forgey v. State,* 886 N.E.2d 16, 23 (Ind.Ct.App.2008).

---

2. One exception to the waiver rule is the "extremely narrow fundamental error exception." *Stokes v. State,* 908 N.E.2d 295, 301 (Ind.Ct.App.2009) (citation and quotation marks omitted), *trans. denied.*

> To qualify as fundamental, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. The error must amount to a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process.

*Id.* (citation omitted). Baugh does not make a fundamental error claim as to this issue.

Additionally, we note that the State's "Petition Requesting Evaluation Regarding Determination of Sexually Violent Predator Status" mentions the requirement for a "hearing to determine whether or not the person is a sexually violent predator" pursuant to Indiana Code Section 35–38–1–7.5(e). Appellant's App. at 172. The petition indicates that a copy thereof was served on Baugh's counsel. *Id.* at 173. As such, Baugh's counsel was put on notice as to the statutory requirements for a sexually violent predator determination.

Even if we were to agree that some of the aggravating circumstances found by the trial court were improper, Baugh concedes the existence of two valid statutory aggravators. It is undisputed that Baugh's adult criminal record included two misdemeanor and two felony convictions. Further, at trial, Baugh admitted that he was on probation at the time of the instant offenses.

Moreover, pursuant to Indiana Code Section 35–50–1–2, the trial court may order terms of imprisonment to be served consecutively. "The basis for the gross impact that consecutive sentences may have is the moral principle that each separate and distinct criminal act deserves a separately experienced punishment." *Powell v. State*, 895 N.E.2d 1259, 1263 (Ind.Ct.App.2008), *trans. denied* (2009). Here, the evidence established that Baugh committed sexual misconduct with Z.— specifically, sexual intercourse—on two occasions. Therefore, the trial court "did not err in imposing consecutive sentences for these separate and distinct acts." *Id.*

### III. Double Jeopardy

■ Finally, Baugh argues that his two convictions violate the Indiana Constitution's prohibition of double jeopardy. He cites our supreme court's statement in *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind.2002), that the Indiana provision covers not only the double jeopardy analysis described in *Richardson v. State*, 717 N.E.2d 32 (Ind.1999), but also "a series of rules of statutory construction and common law that are often described as double jeopardy." Baugh asserts that the continuing crime doctrine[3] is one such common law doctrine, and that it applies here, inasmuch as the evidence "showed that

[his] actions constituted one continuous transaction." Appellant's Br. at 11. We disagree.

■ "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Riehle v. State*, 823 N.E.2d 287, 296 (Ind.Ct.App.2005) (citing *Nunn v. State*, 695 N.E.2d 124, 125 (Ind. Ct.App.1998)), *trans. denied.* As we noted in *Riehle*, the continuous crime doctrine "does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, the doctrine defines those instances where a defendant's conduct amounts to only a single chargeable crime." *Id.* Thus, the continuous crime doctrine "prevents the State from charging a defendant twice for the same continuous offense." *Id.*

Here, according to Z.'s testimony, Baugh's acts of sexual intercourse with her were not "so compressed in time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.* She testified that the first act of intercourse took place at E.'s home in December 2007, in E.'s bedroom; another act took place in Z.'s own home; the most recent act was in mid-March 2008; and several other additional acts of intercourse and inappropriate sexual contact occurred during the intervening four months. Further, in its sentencing order, the trial court specifically found "that the actions of the defendant were separate and distinct over a period of time." Appellant's App. at 277. Accordingly, we find that Baugh's conduct in committing sexual intercourse and inap-

---

**3.** Baugh refers to the "continuing act doctrine," citing to *Nunn v. State*, 695 N.E.2d 124 (Ind.Ct.App.1998), Appellant's Br. at 10, but *Nunn* does not use this phrase. In *Riehle v.* *State*, 823 N.E.2d 287 (Ind.Ct.App.2005), *trans. denied*, we discussed the "continuing crime" or "continuous crime" doctrine. *Id.* at 296.

propriate sexual contact with Z. on multiple occasions spanning a four-month period was conduct "separate in time," and *not* "a single transaction" implicating the continuous crime doctrine. *Id.*

Affirmed.

BAKER, C.J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

I respectfully dissent.

The majority does not find any ambiguity in the statute's clear requirement that a hearing is required before the trial court may determine that a defendant convicted of sexual misconduct with a minor, as a class B felony, is a sexually violent predator. *See* I.C. § 35–38–1–7.5(e) ("a hearing to determine . . .," at which appointed experts "testify"; after "conducting the hearing and considering the testimony" of the appointed experts, trial court "shall determine whether the person is a sexually violent predator under the" statute.) Indeed, the State concedes that "the statute requires live testimony from the evaluating doctors." State's Br. at 5, n. 1. Yet, the majority finds that here, the failure of Baugh's counsel to press the statutory requirement for a hearing is a procedural default that waives our consideration of the issue. I cannot agree.

By operation of law, the consequence of Baugh's conviction of sexual misconduct with a minor, as a class B felony, was the requirement that he register for a ten-year period. However, as a consequence of the unchallenged conclusions of two court-appointed experts, Baugh has been labeled as a sexually violent predator and will be required to register as such for life.

According to his PSI, in 2003 Baugh was convicted of resisting law enforcement, as a class A misdemeanor, illegal consumption of alcohol, as a class C misdemeanor, and theft, as a class D felony; in 2006, he was convicted of forgery, as a class C felony, and receiving stolen property, as a class D felony; and at the time of sentencing, Baugh had pending several misdemeanor charges: operating a vehicle while intoxicated, operating a vehicle with a BAC of .08% or more, resisting law enforcement, and public intoxication. In other words, Baugh had a criminal history, but *no* criminal history involving offenses of a sexual nature.

> The record reflects that Dr. Mueller concluded that Baugh suffer[ed] from a personality disorder, Antisocial Personality Disorder, that makes him likely to repeatedly engage in sexual offenses. He shows disrespect for lawful behavior and safety of others, a lack of remorse, and deceitfulness which are key characteristics of Antisocial Personality Disorder.

(App. 248). Dr. Krause also concluded that Baugh suffered from "Antisocial Personality Disorder," and expressed his "professional opinion" that Baugh was "likely" to "repeatedly engage in one or more of the offen[s]es described in I.C. § 11–8–8–5." [4] (App. 253). Neither doctor elaborat-

---

4. This statutory provision specifies the offenses that label an offender a "sex or violent offender," not a sexually violent predator. The offenses in Indiana Code section 11–8–8–5 generally subject the offender only to a ten-year registration period. *See* I.C. § 11–8–8–19.

A sexually violent predator is one who commits an "offense listed" in Indiana Code section 11–8–8–4.5(a). I.C. § 11–8–8–5.2 (emphasis added); *see also* I.C. § 35–38–1–7.5 ("sexually violent predator" means person suffering from mental abnormality or personally disorder that makes individual likely to repeatedly commit a sex offense (as defined in I.C. § 11–8–8–5.2.)).

ed on the bases for the conclusions reached.

Given the nature of the offenses constituting Baugh's criminal history, I believe that consequences as severe as the "violent sexual predator" label *and* the lifetime registration requirement should subject the doctors' conclusions to the crucible of cross-examination. It may be that each could explain *why* the conclusion was reached—what Baugh had said or done that led to the conclusion that he would commit one of the offenses specified in Indiana Code 11–8–8–4.5(a) [5]; but the bases for the conclusions are certainly not apparent on the record presented.

Recently, in *Padilla v. Kentucky*, —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the United States Supreme Court held that because deportation is such a serious consequence, with the law in that respect being "succinct and straightforward," *id.*, —— U.S. at ——, 130 S.Ct. at 1483, 176 L.Ed.2d 284, constitutionally competent counsel would have advised the client of the risk thereof when considering whether to plead guilty. As already noted, the statute is clear on its face, and the lifelong consequences are severe. Thus, I equate the consequences suffered by Baugh as equivalent to that faced by Padilla as a result of his counsel's failure. Moreover, as noted by the majority, the entirety of Baugh's representation regarding the sexual predator determination is the single statement by Baugh's counsel that he "th[ought] that the Court ha[d] to make that determination based upon the charge that he's been convicted [sic] and the doctors' reports, and [he] would leave

that up to the Court." (Tr. 429–30). Accordingly, I find the matter to be one of fundamental error. How could a constitutionally competent attorney allow his client to suffer the consequences that befell Baugh without advising him of the statutorily required hearing, at which he could subject the experts' conclusions to the crucible of cross-examination?

Therefore, I would hold that the trial court's sentencing determination that Baugh is a sexually violent predator cannot stand, and I would order a remand to the trial court to either conduct a hearing at which the examining experts testify [6] *or* inform Baugh of the statutory requirement for such a hearing and elicit from him an express waiver of the experts' testifying at such a hearing.

---

5. In light of the consequences of their conclusions, I am troubled by the fact that the record does not reflect that either doctor was clearly aware of which offenses the authorizing statute specified as those likely to be committed in the future by the offender determined to be a sexually violent predator.

6. I express no opinion as to the ultimate result or outcome of the hearing regarding whether Baugh should be adjudicated to be a sexual violent predator.