**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STANLEY SHORT, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 69A01-1204-CR-154 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE RIPLEY CIRCUIT COURT
The Honorable Carl H. Taul, Judge
Cause No. 69C01-1109-FC-20

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issues</u>

Stanley Short escaped from Ripley County Jail and was apprehended two days later. Short pleaded guilty to escape, a Class C felony. The trial court sentenced Short to eight years with no credit time and no time suspended. Short raises two issues for review, which we restate as whether the trial court abused its discretion by not properly considering mitigating factors, and whether his sentence is inappropriate based on the nature of the offense and his character. Concluding the trial court did not abuse its discretion and Short's sentence is not inappropriate, we affirm.

<u>Facts and Procedural History</u>

Short was incarcerated at Ripley County Jail on September 4, 2011, when he and another inmate escaped by crawling through a hole they had made in the fence of the recreation yard and then climbing over a perimeter fence. Short was apprehended at his father's residence two days later.

On January 24, 2012, Short pleaded guilty to escape, a Class C felony. At the sentencing hearing on March 9, 2012, Short was sentenced to the maximum of eight years by the trial court. Short now appeals his sentence. Additional facts will be supplied as appropriate.

<u>Discussion and Decision</u>

I. Abuse of Discretion

A. Standard of Review

Generally, sentencing determinations are within the trial court's discretion. <u>McElroy v. State</u>, 865 N.E.2d 584, 588 (Ind. 2007). We review the trial court's sentencing decision for an abuse of that discretion. <u>Id.</u> An abuse of discretion has

occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A trial court may abuse its discretion in a number of ways, including 1) failing to enter a sentencing statement, 2) entering a sentencing statement that explains reasons for imposing a sentence which the record does not support, 3) omitting reasons that are clearly supported by the record and advanced for consideration, or 4) giving reasons that are improper as a matter of law. Anglemyer v. State, 868 N.E.2d 482, 490–91 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). A trial court is not obligated to explain why it has not found a factor to be mitigating. Id. at 493. When an allegation is made that the trial court failed to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. Id.

### B. Potential Mitigating Factors

In its sentencing order, the trial court made no mention of mitigating factors, but found Short's past criminal history, increasing severity of offenses committed, degree of planning used in the commission of the offense, and disdain for the authority of the court to be aggravating circumstances. Short argues the trial court abused its discretion by omitting the following mitigating factors in its sentence determination: Short's strong family support; his alcoholism; the fact he had attempted suicide once; and his guilty plea. We address each claim in turn.

Short first argues the trial court abused its discretion in failing to consider his strong family support and alcoholism. We disagree. Although Short's father and close

3

friends were present at his sentencing hearing, they did not testify on his behalf, and no other evidence of family support was advanced. Furthermore, the Presentence Investigation Report makes reference to Short's alcoholism, but, as opposed to being a current concern, it indicates that Short drank only on occasion following his release from the Department of Corrections in 2006, with no major issues. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Sharp v. State, 951 N.E.2d 282, 288 (Ind. Ct. App. 2011), aff'd on this ground, 970 N.E.2d 647, 651 (Ind. 2012). Short has failed to demonstrate that his family support or alcoholism are significant and clearly supported by the record; thus the trial court did not abuse its discretion in failing to identify these mitigators.

Short next claims the trial court abused its discretion in failing to consider his attempted suicide in sentencing him. We disagree. Short relies on Tackett v. State, 642 N.E.2d 978, 980 (Ind. 1994), for the proposition that suicidal tendencies are legitimate concerns that may be entitled to consideration as a mitigating factor. In Tackett, a teenage girl pleaded guilty to arson, criminal confinement, and murder of a twelve-year-old girl. Our supreme court held that evidence of a deep mental disturbance, such as Tackett's young age, visible history of self-mutilation, suicidal tendencies, and hospitalization for psychiatric disorders, should be weighed by the trial court. Id. However, even in light of the evidence of a deep mental disturbance in Tackett, the trial court's sentence of the statutory maximum for the offenses remained undisturbed. Id.

Short conceded that he had not been diagnosed with or treated for any mental or emotional illness either prior to or after his attempted suicide in May 2011. The trial court further questioned Short's attorney about Short's mental and emotional state, but no

4

other evidence of a deep mental disturbance was found. Thus, it appears from the transcript of the sentencing hearing, when considered as a whole, that the trial court did consider Short's suicide attempt, but found it to be insignificant as a mitigating factor. To the extent Short complains that the trial court abused its discretion in failing to give his proffered mitigating factor greater weight, this claim is not available for appellate review. Anglemyer, 868 N.E.2d at 493-94.

Finally, Short contends the trial court abused its discretion in failing to take his guilty plea into account. However, a guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea or where the evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. Amalfitano v. State, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), trans. denied. Short was recorded on jail surveillance video breaking through the chain link fence in the recreation yard and climbing and escaping over the external perimeter fence. Short was then found at his father's home two days later. In light of this substantial evidence against Short, it was pragmatic for Short to plead guilty. Therefore, we conclude that the trial court did not abuse its discretion when it declined to consider Short's guilty plea as a mitigating factor.

## II. Inappropriate Sentence

### A. Standard of Review

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In performing our review, we examine "the culpability of the defendant, the severity of the crime, the

damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). A defendant bears the burden of persuading us that his or her sentence is inappropriate. Anglemyer, 868 N.E.2d at 494.

## B. Nature of Short's Offense and Character

Pursuant to statute, the sentencing range for a Class C felony is two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6(a). Short contends the maximum sentence of eight years is inappropriate because the nature of the escape was nonviolent. However, "it will always be possible to identify or hypothesize a significantly more despicable scenario." Buchanan v. State, 767 N.E.2d 967, 973 (Ind. 2002). Thus, even if a worse Class C felony escape conviction could be imagined, this does not require that we conclude Short's sentence is inappropriate. This is especially true where the character of the offender warrants the trial court's sentence.

The significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999). In some cases, a defendant's criminal history alone can be sufficient to warrant a maximum sentence. See Smith v. State, 839 N.E.2d 780, 788 (Ind. Ct. App. 2005). Over the span of twenty years, Short had accumulated two prior felony convictions, four prior misdemeanors, three arrests, and at the time of his offense, Short was in jail on pending felony charges for criminal confinement. Short concedes that his criminal history warrants an increase in the advisory sentence of four years, but claims that the maximum eight year sentence is inappropriate because he is not the "one of the worst." Appellant's Brief at 6. However, Short's criminal history demonstrates an escalation in the severity and violence of his criminal activity and a persistent inability to

abide by the rule of law. Given this record, we do not conclude that Short's sentence is inappropriate in light of the nature of his offense and character.

### Conclusion

Concluding that the trial court did not abuse its discretion, and Short's sentence is not inappropriate in light of the nature of his offense and character, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.