ATTORNEY FOR APPELLANT
Steven J. Bruce
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Nicole Dongieux Wiggins
Deputy Attorney General
Indianapolis, Indiana

FILED

Sep 29 2010, 11:51 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 18S04-1007-CR-398

MATTHEW A. BAUGH,                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                          *Appellee (Plaintiff below).*

Appeal from the Delaware Circuit Court, No. 18C04-0804-FB-7
The Honorable John M. Feick, Judge

On Transfer from the Indiana Court of Appeals, No. 18A04-0911-CR-621

**September 29, 2010**

**Dickson, Justice.**

In this direct appeal, the defendant challenges his two convictions for class B felony Sexual Misconduct with a Minor and the determination that he is a sexually violent predator.  Addressing the three issues he presented, the Court of Appeals affirmed.  Baugh v. State, 926 N.E.2d 497 (Ind. Ct. App. 2010).  Seeking transfer on one issue, the defendant urges that the trial court erred by failing to hold a hearing and to receive testimony of two psychologists or psychiatrists before determining that he is a sexually violent predator requiring lifetime registration with the Indiana Sex and Violent Offender Registry.  The Court of Appeals determined that this

claim was procedurally defaulted due to the defendant's failure to present this argument to the trial court. *Id.* at 500–01. We granted transfer and now affirm on grounds of invited error.[1]

The defendant contends that his convictions did not automatically establish his status as a sexually violent predator and that the trial court failed to follow the statutory requirements for determining such status. Although the commission of Sexual Misconduct with a Minor does not by operation of law designate the offender as a sexually violent predator, Indiana Code § 35-38-1-7.5(e) provides:

> If a person is not a sexually violent predator under subsection (b), the prosecuting attorney may request the court to conduct a hearing to determine whether the person (including a child adjudicated to be a delinquent child) is a sexually violent predator under subsection (a). If the court grants the motion, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person is a sexually violent predator under subsection (a). A hearing conducted under this subsection may be combined with the person's sentencing hearing.[2]

The defendant argues that the trial court made its determination without conducting a hearing, without receiving testimony, and without any showing that the mental health providers performing the evaluations had expertise in criminal behavioral disorders.

After the jury found the defendant guilty of two counts of Sexual Misconduct with a Minor, the trial court scheduled a sentencing hearing, and the State petitioned the trial court to appoint two psychologists or psychiatrists to evaluate the defendant and to conduct a hearing to determine whether the defendant is a sexually violent predator. The trial court thereupon appointed psychiatrist Rebecca Mueller, M.D., and psychologist Frank Krause, Ed.D., to evaluate the defendant "as to whether or not he is a Sexually Violent Predator" and scheduled a hearing thereon at the same time as the sentencing hearing. Appellant's App'x at 174. The doctors evaluated the

---

[1] As to the other issues, we summarily affirm the Court of Appeals. Ind. App. R. 58(A)(2).

[2] For his convictions of class B felony Sexual Misconduct with a Minor, the defendant, by operation of law, was deemed a sex *offender*. *See* Ind. Code § 11-8-8-4.5(a)(8). Sex *offenders* must register with the Indiana Sex and Violent Offender Registry for a period of ten years. Ind. Code § 11-8-8-19(a). If an offender is a sexually *violent predator*, he must register for life. Ind. Code § 11-8-8-19(b).

defendant and filed separate reports with the court, a brief three-page report from Dr. Mueller and a brief four-page report from Dr. Krause. Dr. Mueller's report identified herself as a "Board Certified Adult Psychiatrist" and "Child, Adolescent, and Geriatric Psychiatrist," *id.* at 249, and Dr. Krause identified himself as an "Indiana Licensed Clinical Psychologist," "Health Services Provider in Psychology," "Marriage and Family Therapist," "Fellow, Professional Academy of Custody Evaluators," and "School Psychologist (Life)." *Id.* at 253. Both reports opined that the defendant suffered from a condition known as Antisocial Personality Disorder and that he likely would commit future sex offenses. Only Dr. Krause's report explicitly provided an opinion on whether the defendant was a sexually violent predator, stating that he should be so classified. *Id.*

As the sentencing hearing began, the trial court inquired whether, and the defense acknowledged that, the defendant had received copies of the reports from Dr. Mueller and Dr. Krause. The court also noted receipt of several letters from the defendant's family and supporters. The defendant called three witnesses to testify and offered into evidence medical records from his recent visit to a physician. The State called one witness, the mother of the victim. Neither Dr. Mueller nor Dr. Krause presented any live testimony at the hearing. At the conclusion of the hearing, the defendant, exercising his right to allocution, expressed his hope that his letters helped the judge appreciate that he was a family-oriented person and that "there are people out there that need me" and "I need them." Tr. at 424. In closing, he stated, "I'm not this monster that they're making me out to be. So, I just hope that they make a difference to you, sir." *Id.* After the defendant's statement, the attorneys presented their final arguments. The State asked the court to impose the maximum sentence on each conviction, to have the sentences run consecutively, and to designate the defendant as a sexually violent predator. Defense counsel urged that a twelve-year sentence, instead of the maximum fifteen-year sentence, was appropriate and that consecutive sentences would be improper in this case. Significantly, defense counsel then stated, "As far as the determination of the sexual [sic] violent predator, I think the Court has to make that determination based upon the charge that he's been convicted and the doctors' reports, and I would leave that up to the Court." Tr. at 429–30. The trial court's resulting sentencing order included the following, "The Court, having reviewed the reports of Dr. Mueller and Dr. Krause, now determines that the defendant is a sexually violent predator within the meaning of the statute." Appellant's App'x at 277.

The defendant's contention that the determination was made without a hearing is clearly incorrect. The trial court ordered the hearing on sexually violent predator status to be conducted as part of the sentencing hearing, as expressly permitted by statute. *See* Ind. Code § 35-38-1-7.5(e). The hearing commenced with the court's confirmation that the defense had received the doctors' reports, and it closed with defense counsel expressly commenting on the sexually violent predator determination.

The defendant also asserts that the trial court's sexually violent predator determination was made without receiving testimony, and without any showing that the persons performing the evaluation had expertise in criminal behavioral disorders, contrary to the statutory requirements. We note that the statute specifies that the court appointed psychologists or psychiatrists "have expertise in criminal behavioral disorders" and that they "testify at the hearing." Ind. Code § 35-38-1-7.5(e). It also requires that the court's determination occur after "considering the testimony" of the psychologists or psychiatrists. *Id.* In this case, there was no such testimony, and there is slight evidence in the record to show that Doctors Mueller and Krause have specific expertise in criminal behavioral disorders.

At the hearing, however, defense counsel's actions avoided any amplification of the doctors' summary reports by not insisting on their direct testimony. Rather, the defense expressly urged the trial court that "[a]s far as the determination of the sexual [sic] violent predator, I think the Court has to make that determination based upon the charge that he's been convicted and the doctors' reports, and I would leave that up to the Court." Tr. at 429–30.

A defendant may not request a trial court to take an action and later claim on appeal that such action is erroneous. Wright v. State, 828 N.E.2d 904, 907 (Ind. 2005). Under the invited error doctrine, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." *Id.* (quoting Witte v. Mundy, 820 N.E.2d 128, 133 (Ind. 2005)). The invited error doctrine applies here to preclude consideration of the defendant's appellate claims based on the absence of the doctors' live testimony at the hearing and the alleged insufficient expertise in criminal behavioral disorders.

## Conclusion

Having rejected the defendant's assertion of procedural irregularities in the trial court's determination of sexually violent predator status and having summarily affirmed the Court of Appeals as to the defendant's other appellate claims, we affirm the judgment of the trial court.

Shepard, C.J., and Sullivan, Boehm, JJ., concur.  Rucker, J., concurs with separate opinion in which Shepard, C.J., and Sullivan, J., join.

**Rucker, J., concurring.**

I concur in the majority opinion. I write separately to express my view that but for invited error, Baugh would be entitled to relief. I read Indiana Code section 35-38-1-7.5(e) as mandating a hearing at which the two court appointed experts "testify"; and that the trial court's sexually violent predator determination must be based on a consideration of the experts' "testimony." See Id.; see also Marlett v. State, 878 N.E.2d 860, 871 (Ind. Ct. App. 2007) (observing that as a result of a 2007 amendment to the statute: "No longer can an SVP determination be made on the basis of paper reports . . . ."), trans. denied.[3] Indeed, although citing Baugh's procedural default in this case, the State otherwise concedes as much. See Br. of Appellee at 5 n.1 ("The State acknowledges that the statute requires live testimony from the evaluating doctors and that the evaluating doctors did not testify in this case."). Thus had Baugh requested the live testimony of the experts, the trial court would have been compelled to honor the request. Here the State contends that Baugh waived this issue "because he failed to object" at sentencing. Br. of Appellee at 4. But Baugh did more than merely fail to object. As the majority correctly points out Baugh affirmatively invited the trial court to make its sexually violent predator determination based in part on "the doctors' reports." Slip op. at 4 (quoting Tr. at 429-30). The trial court obliged Baugh. He cannot now be heard to complain.[4]

Shepard, C.J., and Sullivan, J., join.

---

[3] A sexually violent predator ("SVP") is defined as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense." Indiana Code § 35-38-1-7.5.

[4] I also note in passing Baugh makes no claim that the evidence was insufficient to sustain the trial court's determination that he met the statutory definition of "sexually violent predator" under Indiana Code § 35-38-1-7.5.