**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 15 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA GAUNT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1204-CR-195 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1111-FC-355

**March 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Joshua Gaunt appeals his four-year sentence for Class C felony corrupt business influence.[1]  He asserts the court abused its discretion in assigning his sentence and the sentence is inappropriate in light of his character and offense.  We affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Gaunt with Class C felony corrupt business influence and Class C felony forgery.[2]  Gaunt pled guilty to Class C felony corrupt business influence, and the State dismissed the forgery charge.  In the process of pleading guilty, Gaunt admitted he had been "associated with a group of individuals . . . involved in . . . a series of thefts from vehicles in parked locations and the sale of stolen property from those vehicles."  (Tr. Vol. 1 at 9.)[3]  In furtherance of this association, Gaunt had used a stolen credit card to purchase a flat-screen television valued at $336 and had driven the leader of the group around in an automobile.

At the sentencing hearing, the State asked for a six-year sentence, while Gaunt argued for a four-year sentence.  The court found an aggravator in Gaunt's eight juvenile adjudications and mitigators in his plea, age, and remorse.  It imposed a four-year sentence with two years suspended to probation.

## DISCUSSION AND DECISION

The sentencing range for a Class C felony is two to eight years, with four years being the advisory sentence.  Ind. Code § 35-50-2-6.  The court sentenced Gaunt to four years, with

---

[1] Ind. Code § 35-45-6-2(a)(3).
[2] Ind. Code § 35-43-5-2.
[3] The Transcript consists of two volumes: a twelve-page volume from the Guilty Plea Hearing and an eighteen-page volume from the Sentencing Hearing.  Those volumes were not consecutively paginated as required by Indiana Appellate Rule 28(A)(2).

two years executed and two years suspended to probation. He asserts that sentencing was both an abuse of discretion and inappropriate in light of his character and offense.

### 1. Discretion

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (citation omitted).

"A defendant may not request a trial court to take an action and later claim on appeal that such action is erroneous." *Baugh v. State*, 933 N.E.2d 1277, 1280 (Ind. 2010). At the sentencing hearing, Gaunt's counsel argued: "Judge if I may I would like to ask the Court to enter a four (4) year sentence and suspend that to probation." (Tr. Vol. 2 at 11.) Gaunt cannot now be heard to complain about the four-year sentence he asked the trial court to impose. *See id.* (refusing to address argument trial court should have heard testimony regarding whether defendant was sexually violent predator where defense encouraged trial court to "make that determination based upon the charge . . . and the doctors' reports").[4]

### 2. Inappropriateness

We may revise a sentence if it is inappropriate in light of the nature of the offense and

---

[4] In his abuse of discretion argument, Gaunt repeatedly requests we "reweigh" the aggravators and mitigators, (*see*, *e.g*., Br. of Def.-Appellant at 3, 6, 7). We may not. *See Anglemyer*, 868 N.E.2d at 491 ("The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.").

the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other facts appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The trial court imposed the four-year advisory sentence for a Class C felony, and Gaunt acknowledges the "standard and usual nature of the offense." (Br. of Appellant at 3.) We concur in his assessment and, thus, see nothing inappropriate about the trial court's imposition of the advisory sentence.

As for Gaunt's character, one relevant fact is a defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Gaunt was only eighteen years old at the time of sentencing, and, as he notes, this was his first conviction as an adult. However, as a juvenile, Gaunt had been adjudicated a delinquent eight times between September 2007 and August 2010: once for an act that would be misdemeanor possession of paraphernalia, once for a status offense, twice for an act that would be misdemeanor resisting law enforcement, once for an act that would be felony escape from detention, once for an act

4

that would be felony residential entry, and twice for an act that would be receiving stolen property. The juvenile court demonstrated restraint by consistently placing Gaunt on probation. Gaunt then violated probation three times, which eventually prompted the juvenile court to place Gaunt in the Indiana Boys School. Gaunt had been out of Boys School less than seven months when he committed the crime for which he was sentenced herein.

We cannot find the advisory sentence inappropriate for Gaunt's first adult conviction when his offense was a continuation and escalation of the delinquent behaviors for which he was punished repeatedly as a juvenile. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.