**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 09 2013, 6:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MATTHEW A. BAUGH,                    )
                                     )
    Appellant-Petitioner,            )
                                     )
       vs.                        )       No.  18A05-1210-PC-545
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Respondent.             )

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-0804-FB-7

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Matthew A. Baugh was convicted after a jury trial of two counts of Sexual Misconduct with a Minor, as Class B felonies,[1] was adjudicated to be a Sexually Violent Predator ("SVP"),[2] and was sentenced to two consecutive twelve-year terms of imprisonment. Baugh appealed his conviction; this Court affirmed, as did our supreme court after accepting transfer of jurisdiction over Baugh's appeal. Baugh then pursued a petition for post-conviction relief, which the post-conviction court denied. He now appeals the denial of the petition.

We affirm.

**Issues**

Baugh raises several issues for our review; we restate these as:

I.    Whether Baugh's trial counsel was ineffective because:

    A. Counsel did not request a jury instruction concerning the requirements of jury unanimity in the verdict;

    B. Counsel did not properly challenge the State's evidence that resulted in Baugh's SVP adjudication; and

II.   Whether Baugh's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the SVP adjudication.

**Facts and Procedural History**

We take our statement of facts from this Court's opinion on Baugh's direct appeal:

---

[1] See Ind. Code § 35-42-4-9.

[2] See I.C. § 35-38-1-7.5.

In the fall of 2007, fourteen-year-old Z. (born August 1, 1993) and E. were eighth-grade classmates and best friends. Z.'s parents had recently divorced, and E.'s father had recently died. Z. frequently spent the night at E.'s residence.

Baugh, E.'s half-brother, was twenty-six years old in November 2007. According to Z., in November 2007, Baugh demonstrated an interest in Z.— holding her hand, making eye contact, talking to her on her cell phone—and then "started dating" her. Tr. at 124. In December 2007, in E.'s room, they "had sex," id., by which Z. meant that "[Baugh's] penis went in [her] vagina." Id. at 100, 110. Baugh had sex with Z. "[o]ver ten" times between December 2007 and mid-March 2008. Id. at 101. In addition, they engaged in oral sex, with "[Z.'s] mouth on his penis and his mouth on [her] vagina," and he asked her "to call him Daddy Matt." Id. at 103. Baugh told Z. that no one could "know" about their relationship "[b]ecause he would go back to prison." Id. at 105. At the end of March 2008, Z. admitted to her mother "[t]hat [she] and [Baugh] were sleeping together." Id. at 112.

On April 18, 2008, the State charged Baugh with two counts of class B felony sexual misconduct with a minor. As amended on April 25, 2008, each count alleged that "between November 1, 2007, and March 30, 2008," Baugh had intentionally performed or submitted to sexual intercourse with Z., "a child at least fourteen (14) years of age but less than sixteen (16) years of age." Appellant's App. at 23, 24. At trial, Z. testified to the foregoing. On September 1, 2009, the jury found Baugh guilty on both counts.

On September 4, 2009, pursuant to Indiana Code Section 35–38–1–7.5(e), the State filed a petition asking the trial court to order evaluations to determine whether Baugh was a sexually violent predator. The trial court granted the petition and requested that Dr. Rebecca Mueller and Dr. Frank Krause examine Baugh "to determine whether or not he is a Sexually Violent Predator." Id. at 175. The doctors conducted their examinations and submitted reports, each opining that Baugh suffered from a personality disorder and was likely to commit additional sexual offenses.

On October 7, 2009, the trial court held the sentencing hearing. The State argued that "[b]ased upon" the evaluations of Dr. Mueller and Dr. Krause and "the definition of a sexually violent predator," the trial court should find Baugh "to be a sexually violent predator and require him to register for life in the sex registry." Tr. at 427, 428. Baugh's counsel asserted that with respect "to the determination of the sexual violent predator, I think that the Court has to make that determination based upon the charge that he's been convicted [sic] and the

3

doctors' reports, and I would leave that up to the Court." Id. at 429–30. The trial court "reviewed the reports of Dr. Mueller and Dr. Krause" and found that Baugh was a sexually violent predator "within the meaning of the statute." Id. at 277. The trial court sentenced Baugh to serve twelve years executed on each count, with the sentences "served consecutively." *Id.* at 432.

Baugh v. State, 926 N.E.2d 497, 498-99 (Ind. Ct. App. 2010) aff'd in part, vacated in part, 933 N.E.2d 1277 (Ind. 2010).

Upon Baugh's direct appeal from his convictions, this Court reviewed three issues, which we stated as:

I. Has Baugh procedurally defaulted his argument that the trial court failed to comply with statutory requirements in determining that he is a sexually violent predator?

II. Did the trial court abuse its discretion in ordering consecutive sentences?

III. Do Baugh's convictions violate the Indiana Constitution's prohibition of double jeopardy under the continuing crime doctrine?

Id. at 498. Finding no error, a two-judge majority affirmed the trial court's decision in all respects. Judge Darden, writing in dissent, would have held that Baugh did not, through argument of counsel alone, waive his right to cross-examine expert witnesses at a hearing concerning an SVP adjudication. Id. at 503 (citing, inter alia, Padilla v. Kentucky, 559 U.S. 356 (2010)) (arguing that an SVP adjudication is a consequence of conviction within the ambit of the Sixth Amendment right to counsel).

Baugh filed a petition to transfer, which our supreme court granted. On transfer, the court addressed a single issue: whether the trial court's SVP adjudication was in error because the trial court did not hold a hearing and receive testimony from Dr. Krause and Dr. Mueller, each of whom opined that Baugh was a SVP. Baugh v. State, 933 N.E.2d 1277,

4

1278 (Ind. 2010) [hereinafter Baugh II]. The Baugh II Court first held that the SVP adjudication was not "made without a hearing." Id. at 1280. The court went on to hold that while the statute governing SVP adjudications requires consideration of testimony, Baugh's trial counsel's actions appeared intended to mitigate the introduction of testimony unfavorable to Baugh, and thus any failure on the part of the trial court to conduct a hearing with the opportunity for cross-examination of the State's expert witnesses was invited error. Id. In a three-justice concurrence, Justice Rucker, joined by then-Chief Justice Shepard and then-Justice Sullivan, opined that but for the conclusion that the absence of testimony was the result of invited error, Baugh would have been entitled to relief on appeal. Id. at 1281. Justice Rucker's concurring opinion observed in passing that Baugh's appellate counsel did not challenge the sufficiency of the evidence underlying the SVP adjudication. Id. at 1281 n. 4.

After the Baugh II Court's ruling, Baugh filed his petition for post-conviction relief on December 15, 2011. Baugh alleged that his trial counsel was ineffective by inviting error concerning the absence of testimony at the SVP hearing, and that appellate counsel was ineffective for failing to challenge the sufficiency of evidence underlying the SVP adjudication. Baugh also identified as ineffective assistance his trial counsel's failure to request a modified version of the jury instruction that instructs the jury of the necessity that its verdict be unanimous.

On July 16, 2012, an evidentiary hearing was conducted on Baugh's petition. During the hearing, Baugh's trial and appellate counsel offered testimony, as did Dr. Martin Smith

5

("Dr. Smith"), a psychologist Baugh retained as an expert on sexual offender evaluations for purposes of pursuing the instant petition, and Baugh himself. On September 25, 2012, after the parties submitted proposed findings of fact and conclusions of law, the trial court entered its findings and conclusions denying Baugh's petition for relief.

This appeal ensued.

**Discussion and Decision**

Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 674. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Id.

A petition for post-conviction relief is not a substitute for a direct appeal from a conviction or sentence. Ind. Post-Conviction Rule 1(1)(b). Post-conviction petitions afford

defendants with the opportunity to raise issues not known at trial or unavailable upon direct appeal; claims that were available to a petitioner on direct appeal are not available in a proceeding for post-conviction relief. Bunch v. State, 778 N.E.2d 1285, 1290 (Ind. 2002). "These are applications of the basic principle that post-conviction proceedings do not afford the opportunity for a super-appeal." Id. (citing Wrinkles v. State, 749 N.E.2d 1179, 1187 (Ind. 2001)). Thus, a petitioner waives any freestanding claim of error in his petition where that issue was "known or available at the time of direct appeal but [was] not raised." Reed v. State, 856 N.E.2d 1189, 1193-94 (Ind. 2006).

Assistance of Trial Counsel

We turn first to Baugh's contention that he received ineffective assistance of trial counsel. The legal standard in such cases is well-defined:

> Claims of ineffective assistance of trial counsel are generally reviewed under the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, a claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Strickland, 466 U.S. at 687–88, 104 S. Ct. 2052. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. 2052. A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome." Id.

Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006).

The two parts of the Strickland test are separate inquiries, and a claim of ineffective assistance of counsel may be disposed of on either the prejudice or the performance prong. Id. Here, Baugh raises two issues that he claims amount to ineffective assistance of counsel.

7

We will address each in turn.

*Unanimity Instruction*

Baugh first contends that his trial counsel was ineffective because he did not request an instruction to the jury concerning unanimity of its verdict. In his argument, he directs our attention to our supreme court's opinion in Baker v. State, 948 N.E.2d 1169 (Ind. 2011).

The Baker court was presented with a direct appeal from a criminal conviction, in which the defendant was charged with molestation of three children, and there was evidence presented "of a greater number of separate criminal offenses than the defendant is charged with." Id. at 1175. The court recognized that in many cases a jury's decision to convict a defendant boils down to a credibility determination—whether the jury believes the victim or the defendant. Adopting the approach of the California Supreme Court in California v. Jones, 792 P.2d 643 (Cal. 1990), our supreme court held:

> [t]he State may in its discretion designate a specific act (or acts) on which it relies to prove a particular charge. However if the State decides not to so designate, then the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim and included within the same time period charged.

Id. at 1178 (emphasis added).

The modified jury instruction on unanimity must be given when "the testimony of the victim recounts undifferentiated or generic occurrences of the sexual act," because "'it would be impossible for the prosecutor to select a specific act he relies on to prove the charge, or for the jury to unanimously agree the defendant committed the same specific act.'" Id. at 1177 (quoting Jones, 792 P.2d at 650). In these circumstances, the modified instruction's

8

requirement that the jury reach a unanimous verdict as to all of the acts described by the victim within the time period charged safeguards the unanimity requirement because "'if the jury believes the defendant committed all the acts it necessarily believes he committed each specific act.'" Id. (quoting Jones, 792 P.2d at 659).

Here, Baugh argues that his trial counsel was ineffective for failing to request a modified unanimity instruction as required by Baker. In response to the State's argument that Baugh's reliance on Baker is misplaced because Baugh's case preceded Baker, Baugh argues that Baker did not "establish a change or extension in the law." (Appellant's Reply Br. at 3.) Thus, Baugh insists, he does not seek to hold his trial counsel accountable for an as-yet unannounced legal standard. Rather, Baugh argues that prior Indiana cases recognized the necessity of unanimous verdicts, while Baker "merely crafted a pattern instruction that courts can use when such an instruction is requested." (Appellant's Reply Br. at 3.)

We disagree. Indiana has long recognized that failure of counsel to anticipate or create changes in the law does not amount to ineffective assistance of counsel. Bailey v. State, 472 N.E.2d 1260, 1265 (Ind. 1985). In Bailey, the defendant challenged his counsel's failure to request a jury instruction on bodily injury that would have anticipated a change in the law on an element of robbery. Id. at 1264. Our supreme court concluded that "for appellant to succeed in gaining a reversal based on ineffective assistance of counsel, we would have to find that his representation was inadequate because his counsel failed, in effect, to change then-existing law." Id. at 1264-65.

Here, Baugh relies on Baker for the premise that the modified unanimity instruction

9

should have been issued. While Baugh contends that the <u>Baker</u> decision merely set forth a pattern jury instruction, the <u>Baker</u> decision clearly considered several different alternatives in resolving a then-undecided question in Indiana: whether a defendant in a case like Baugh's is entitled to a modified instruction, and if so, what modification is appropriate. <u>See</u> <u>Bailey</u>, 472 N.E.2d at 1263-65 (concluding that no ineffective assistance of counsel was established by counsels' failure to request a jury instruction that would anticipate a change in substantive law). Under those circumstances, we cannot conclude that Baugh's trial counsel would, in 2009, have been ineffective in failing to request the modified unanimity instruction first required by the Indiana Supreme Court in 2011. We therefore find no error in the post-conviction court's denial of Baugh's petition for relief with respect to this issue.

*The SVP Hearing*

Baugh also contends that his trial counsel was ineffective because he failed to call as witnesses and/or conduct cross-examination of Dr. Krause and Dr. Mueller, and instead waived presentation of testimony during Baugh's SVP adjudication hearing.

In advancing this claim, Baugh relies on our supreme court's adjudication of his direct appeal, in which a three-justice concurrence opined that but for the conclusion that the absence of testimony was the result of invited error, Baugh would have been entitled to relief on appeal. The State contends in response that 1) during the post-conviction hearing, Baugh did not elicit testimony from trial counsel to establish the reasons for counsel's decision to forego a full SVP adjudication hearing, and thus failed to carry the burden of proving counsel's ineffectiveness; and 2) trial counsel acted within the scope of professional

10

judgment when he decided that, as a matter of strategy and professional judgment, Baugh was better served by not obtaining testimony from Dr. Krause and Dr. Mueller as part of the SVP adjudication proceeding.

Baugh argues in reply that there is no question of second-guessing counsel's strategy or professional judgment involved with this issue. Rather, he says, the decision to forego the SVP adjudication hearing was not within the bounds of professional judgment, and that decision prejudiced him to such a degree that trial counsel must be deemed ineffective. Thus, Baugh argues, the procedure from which the SVP adjudication arose is sufficiently unreliable as to undermine our confidence in the result.

We agree with the State on its first point. We cannot conclude that the post-conviction court erred when Baugh did not introduce post-conviction evidence that necessarily gives rise to a conclusion that, had trial counsel challenged Dr. Krause's and Dr. Mueller's opinions, there was a reasonable likelihood of a different result from the SVP adjudication hearing. At best, Baugh elicited evidence that, several years after the SVP adjudication, a different expert could reach a different conclusion.

In challenging the SVP adjudication during the post-conviction proceedings, Baugh introduced testimony from Dr. Smith. Dr. Smith opined that Baugh did not fit the characteristics required for adjudication as a SVP. Dr. Smith based his opinion upon the results of his own examination and evaluation of Baugh. While he testified that he reviewed the final reports of Dr. Krause and Dr. Mueller, Dr. Smith was not retained to make a thorough assessment of the accuracy of the experts' opinions and did not make such an

11

assessment. Rather, Dr. Smith reached a different opinion as to whether Baugh met the criteria set forth by the SVP statute based upon his examination of Baugh at a date later and in a different environment than that in which Dr. Krause and Dr. Mueller evaluated Baugh. And while Dr. Smith criticized Dr. Krause's scoring of several assessment instruments, Dr. Smith also acknowledged that he does not rely solely on the results of assessment instruments in his own practice of assessing individuals for SVP adjudications.

The evidence Baugh produced from Dr. Smith and Baugh's arguments more closely pertain to reassessing Baugh's SVP status. They do not establish that trial counsel was ineffective when he waived testimony from Dr. Krause and Dr. Mueller, because Dr. Smith's testimony does not establish that, at the time of Baugh's SVP adjudication, a different result was reasonably likely and that eliciting testimony from the State's experts would have been reasonably likely to lead to that result. Even assuming trial counsel's decision not to solicit testimony during the SVP hearing was conduct below professional norms, the evidence presented did not establish that the post-conviction court could only reach the conclusion that Baugh was prejudiced by counsel's error. Construing Dr. Smith's testimony in a light most favorable to the judgment, we cannot conclude that the post-conviction court erred when it denied Baugh's petition for relief. We therefore affirm the post-conviction court's judgment on this issue.

### Ineffective Assistance of Appellate Counsel

We turn now to Baugh's final contention, namely, that he received ineffective assistance of appellate counsel upon direct appeal of his criminal conviction. We follow the

12

same standard for claims of ineffective assistance of appellate counsel as we do for ineffective assistance of trial counsel. Reed v. State, 856 N.E.2d 1189, 1195 (Ind. 2006).

Here, Baugh argues that his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal with respect to the sufficiency of the evidence underlying the SVP adjudication. There are three general categories of ineffective assistance of appellate counsel claims: denial of access to an appeal, waiver of issues, and failure to present issues well. Reed, 856 N.E.2d at 1195. To show counsel was ineffective in failing to raise an issue on appeal, "the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential." Id. We apply the following test to determine whether appellate counsel's performance was ineffective: we determine "(1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are clearly stronger than the raised issues." Id. (internal quotes omitted).

If counsel's performance was deficient under this test, we then examine whether the issues counsel failed to raise "'would have been clearly more likely to result in reversal or an order for a new trial.'" Id. (quoting Bieghler v. State, 690 N.E.2d 188, 194 (Ind. 1997)). We do so considering "'the totality of an attorney's performance to determine whether the client received constitutionally adequate assistance.'" Id. at 1195-96 (quoting Bieghler, 690 N.E.2d at 194). Courts must be "'particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the

precedent available to counsel when that choice was made.'" Id. (quoting Bieghler, 690 N.E.2d at 194). Thus, ineffective assistance is rarely found when a petitioner claims that counsel failed to raise an issue on direct appeal, in part because deciding what issues to raise "is one of the most important strategic decisions to be made by appellate counsel." Id.

Here, Baugh argues that his appellate counsel's performance was ineffective because counsel did not designate as an issue on appeal the sufficiency of the evidence underlying Baugh's SVP adjudication. Baugh also contends that his appellate counsel's selection of issues was not reasonable because, in selecting the question of the waiver of an opportunity to obtain testimony at the SVP hearing and the other issues presented in the direct appeal of his conviction, counsel forewent the sufficiency challenge to Baugh's detriment. As evidence of this, Baugh directs our attention to a footnote in Justice Rucker's concurring opinion in our supreme court's resolution of his direct appeal. In that note, Justice Rucker observed "in passing [that] Baugh makes no claim that the evidence was insufficient to sustain the trial court's determination that he met the statutory definition of 'sexually violent predator' under Indiana Code § 35-38-1-7.5." Baugh II, 933 N.E.2d at 1281 n. 4.

Indiana Code section 35-38-1-7.5 sets forth the substantive and procedural requirements for adjudicating an individual to be a SVP. A SVP is defined by the statute as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense." I.C. § 35-38-1-7.5(a). Where, as here, the defendant has not committed one of the offenses listed in subsection (b) of the statute, the State "may request the court to conduct a hearing to determine whether the person … is a

14

sexually violent predator under subsection (a)." I.C. § 35-38-1-7.5(e). In such circumstances, the court must appoint two psychiatrists or psychologists with expertise in criminal behavior disorders to evaluate the defendant and testify at the hearing. Id. After hearing and considering the experts' testimony, the determination of whether the defendant is a SVP as defined by subsection (a) of the statute is left to the court's discretion.

Our review of a SVP adjudication for sufficiency of the evidence is limited. We look to "'whether there was substantial evidence of probative value to support the trial court's finding.'" Mays v. State, 982 N.E.2d 387, 391 (Ind. Ct. App. 2013) (quoting Williams v. State, 895 N.E.2d 377, 385-86 (Ind. Ct. App. 2008)). We neither reweigh evidence nor reassess the credibility of witnesses, and consider only the evidence that supports the judgment and any reasonable inferences that may be drawn from that evidence. Id.

Given the evidence presented to the trial court at the time of Baugh's SVP adjudication, we cannot conclude that it is reasonably likely that Baugh's appeal would have led to a different result had appellate counsel challenged the sufficiency of the evidence supporting the SVP adjudication. Dr. Krause and Dr. Mueller both diagnosed Baugh with Antisocial Personality Disorder pursuant to the guidelines in the Diagnostic and Statistical Manual of the American Psychiatric Association (DSM IV-TR-April 2005). Dr. Krause's report indicates that Baugh "has had a pervasive pattern of disregard for the violation of the rights of others since approximately age fifteen," provided assessment responses similar to other individuals with substance dependence disorders, "has a history of not conforming to social norms with respect to lawful behaviors," and "is impulsive." Based upon this

assessment, which included notice of Baugh's extensive criminal history and his convictions in the instant matter, Dr. Krause opined that it was likely Baugh would engage in one or more of the offenses that fall within the SVP statute.

Dr. Mueller reached the same conclusion. Dr. Mueller's report took into further account that Baugh was "deceitful," "demonstrates a reckless disregard for the safety of others," and "shows lack of remorse evident by rationalizing having hurt, mistreated, or stolen from another." Dr. Mueller therefore concluded that Baugh "more than meets the criteria established in DSM-IV-TR" for Antisocial Personality Disorder.

At the hearing on his petition for post-conviction relief, Baugh presented testimony from Dr. Smith, whom he retained for purposes of challenging the SVP adjudication. Dr. Smith provided testimony and reports opining that Baugh did not, as of the post-conviction hearing, meet the statutory requirements for adjudication as an SVP, and specifically identified points of disagreement with Dr. Krause's use of assessment tools. None of this, however, indicates that a different result would have been reasonably likely had appellate counsel challenged the sufficiency of the evidence supporting the SVP adjudication on direct appeal—let alone that counsel was ineffective in selecting issues for presentation on appeal. We therefore cannot conclude that the post-conviction court erred when it denied Baugh's petition for relief on the basis of ineffective assistance of appellate counsel.

## Conclusion

The post-conviction court did not err when it denied Baugh's petition for post-conviction relief for ineffective assistance of trial counsel. The same is true with respect to

16

Baugh's petition on the basis of ineffective assistance of appellate counsel. We therefore affirm the judgment denying Baugh's petition for post-conviction relief.

Affirmed.

NAJAM, J., and BARNES, J., concur.