**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA STEELMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1212-CR-661 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1205-FD-228

**August 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joshua Steelman appeals his convictions for theft, as a Class D felony; criminal mischief, as a Class B misdemeanor; and unauthorized entry of a motor vehicle, as a Class B misdemeanor, following a jury trial. Steelman presents two issues for review:

1. Whether his convictions violate double jeopardy principles under the Indiana Constitution.

2. Whether his multiple convictions are barred under the continuing crime doctrine.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of October 25, 2011, Donald Craig parked his vehicle in an assigned space outside his apartment in Bright. Craig owned a green two-door Ford Explorer. As he approached the vehicle on the morning of October 26, he saw broken glass on the ground by the passenger side and found that a back passenger window had been broken. Additionally, Craig found a cigarette butt on the front passenger seat, but he does not smoke or allow smoking in his car. Craig telephoned the police and reported that someone had broken into his vehicle.

Deputy Brian Jansen of the Dearborn County Sheriff's Department arrived at the scene and observed the broken back passenger window and pry marks on the window trim. He also observed fingerprints on the driver's side door and passenger door, as well as a greasy smudge on the window as if someone had pushed his forehead against it to look inside. And the cigarette on the front passenger car seat had left a burn mark on the

2

upholstery. Craig reported that multiple fishing poles and various work tools, together valued between $1500 and $2000, were missing.

Deputy Jansen dusted the vehicle's windows for fingerprints and took DNA swabs from the large oil smudge on the window and from the cigarette butt. Laboratory testing of the fingerprint samples from the windows showed that they belonged to Steelman. Detective Edward Lewis of the Dearborn County Sheriff's Department then obtained a search warrant to obtain Steelman's DNA to confirm the prior DNA identification from the cigarette butt. That DNA test matched the DNA found on the cigarette butt.

The State charged Steelman with theft, as a Class D felony; criminal mischief, as a Class B misdemeanor; and unauthorized entry of a motor vehicle, as a Class B misdemeanor. The State later amended the information to add an habitual offender allegation. Following trial on November 4, the jury found Steelman guilty of the three offenses charged, and following a hearing on November 11, the jury adjudicated him to be an habitual offender. The trial court sentenced Steelman to an aggregate term of 3095 days. Steelman now appeals.

**DISCUSSION AND DECISION**

**Issue One: Actual Evidence Test**

Steelman contends that the trial court violated the prohibition against double jeopardy when it entered judgment of conviction on theft, as a Class D felony; criminal mischief, as a Class B misdemeanor; and unauthorized entry of a motor vehicle, as a Class B misdemeanor. Article I, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Our supreme court has

explained that two offenses are the same offense if the statutory elements of the crime are the same or the actual evidence used to convict the defendant of two offenses is the same. Richardson v. State, 717 N.E.2d 32, 49-50 (Ind. 1999). The statutory elements analysis uses the test set forth by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Goldsberry v. State, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005) (citation omitted). Steelman does not argue that the statutory elements test applies. We therefore turn to his argument under the actual evidence test.[1]

Under the actual evidence test, "the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." Richardson, 717 N.E.2d at 53. To establish a double jeopardy violation, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. However, "the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002) (citations omitted).

Application of the actual evidence test requires the court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the fact-finder's perspective. Rexroat v. State, 966 N.E.2d 165, 169 (Ind. Ct. App. 2012) (citation omitted), trans. denied. "In determining the facts used by the fact-finder to establish the

---

[1]  Steelman cites the double jeopardy clause in the Fifth Amendment to the United States Constitution, but he makes no separate analysis under that provision. Therefore, any argument under the Fifth Amendment is waived. See Ind. Appellate Rule 46(A)(8)(a).

elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." Id. (internal quotation marks omitted).

Here, again, Steelman was convicted of theft, as a Class D felony; criminal mischief, as a Class B misdemeanor; and unauthorized entry of a motor vehicle, as a Class B misdemeanor. To prove the offense of theft, as a Class D felony, the State was required to show in part that Steelman intentionally or knowingly exerted unauthorized control over Craig's property, namely, seven fishing poles, an 18v Porter Cable tool kit, a gear wrench set, two blue bags containing sockets and ratchets, a Craftsman quarter-inch socket set in a black case, and a black case containing twenty to thirty compact discs. The State proved that offense, in part, by showing that Steelman's fingerprints were on the vehicle and that the listed items were missing. To prove the offense of criminal mischief, the State was required to show that Steelman, without Craig's consent, damaged Craig's vehicle. See Ind. Code § 35-43-1-2. The State proved that element by showing the pry marks on the outside of the passenger door and the broken window. Finally, to prove unauthorized entry of a motor vehicle, as a Class B misdemeanor, the State was required to show that Steelman entered Craig's vehicle and that he did not have a contractual interest in that vehicle. As the prosecuting attorney argued at closing, the State proved Steelman's entry of the vehicle by evidence of the cigarette butt, which contained Steelman's DNA, in the front passenger seat.

The evidence described above is unique to each particular offense. As such, Steelman has not shown that his convictions violate double jeopardy under the actual evidence test.

**Issue Two:  Continuing Crime Doctrine**

Steelman also contends that his convictions violate the common law double jeopardy principle known as the continuing crime doctrine.  "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction."  Baugh v. State, 926 N.E.2d 497, 502 (Ind. Ct. App. 2010), aff'd in relevant part, 933 N.E.2d 1277, 1280 (internal quotation marks and citation omitted).  The continuing crime doctrine "does not seek to reconcile the double jeopardy implications of two distinct chargeable crimes; rather, the doctrine defines those instances where a defendant's conduct amounts to only a single chargeable crime."  Id. (internal quotation marks and citation omitted).  Thus, the continuing crime doctrine prevents the State from charging a defendant twice for the same continuous offense.  Id.

In other words, even where no constitutional violation has occurred, multiple convictions may nevertheless violate the rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in Richardson.  Vandergriff v. State, 812 N.E.2d 1084, 1088 (Ind. Ct. App. 2004) (internal quotation marks and citation omitted), trans. denied.  These rules fall within five categories, which were first enumerated by Justice Sullivan in his concurrence in Richardson:

> 1. Conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished. . . .

6

2. Conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished. . . .

3. Conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished. . . .

* * *

4. Conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. . . .

* * *

5. Conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished.

717 N.E.2d at 55-56 (Sullivan, J., concurring); see also Robinson v. State, 775 N.E.2d 316, 320 (Ind. 2002); Vandergriff, 812 N.E.2d at 1088.

Here, Steelman was convicted of three separate offenses: theft, criminal mischief, and unauthorized entry of a motor vehicle. His convictions do not fall into any of the five categories listed above. Still, he relies on Buchanan v. State, 913 N.E.2d 712 (Ind. Ct. App. 2009), trans. denied, as support for his common law double jeopardy argument. In Buchanan, the defendant "phoned in false bomb threats [regarding a school] as a diversionary tactic to facilitate his robbery" of a nearby bank. Id. at 720. He was subsequently convicted of robbery, as a Class B felony; three counts of criminal confinement, as Class B felonies; three counts of intimidation, as Class C felonies; two counts of false reporting, as Class D felonies; and theft, as a Class D felony. The court

7

held in part that his convictions for false reporting and intimidation should be vacated because the conduct underlying those convictions were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction[.]"Id. at 720-21.

However, another panel disapproved of that holding in Walker v. State, 932 N.E.2d 733, 737-38 (Ind. Ct. App. 2010). Discussing Buchanan, that panel held:

> To the extent that Buchanan stands for the proposition that a false reporting conviction can be vacated because it is part of the same continuing crime as robbery, we respectfully disagree. Although Buchanan's convictions for false reporting and robbery were part of the same comprehensive criminal scheme, false reporting was a distinct[,] chargeable crime. In considering the false reporting conviction, the panel in Buchanan was not faced with any of the factual situations in which the continuing crime doctrine has been applied; that is, Buchanan was not charged multiple times with false reporting, nor was there a greater or lesser included offense involved.

932 N.E.2d at 737-38. The court then held that the continuing crime doctrine did not apply to Walker's convictions for burglary, robbery of one person, and the criminal confinement of another. Id. at 738. "Each offense was a distinct[,] chargeable crime. He was faced with neither multiple charges of one offense nor charges of an offense and a lesser included offense." Id. Thus, the court affirmed Walker's convictions. Id.

We agree with the reasoning in Walker. Here, Steelman was charged with three separate and distinct offenses. While they were committed in the same stretch of time for the purpose of accomplishing the theft, that does not alter the fact that each was a distinct, chargeable crime. The essential element of the criminal mischief was the damage to the window trim on Craig's vehicle, and the essential element of the unauthorized entry of a motor vehicle was the entry of Craig's Explorer. The behavior necessary to commit one

8

offense was not coextensive with the behavior necessary to commit the other. Thus, unlike in Chavez v. State, Steelman's conduct did not constitute a single, continuous offense. 988 N.E.2d 1223, 1229-30 (Ind. Ct. App. 2013) (holding conduct occurring in two separate sexual encounters with minor constituted two offenses, not five). We hold that the continuing crime doctrine does not apply here. See id.

Steelman has not shown that his convictions violate the double jeopardy clause of the Indiana Constitution, nor has he shown that they fall under the continuing crime doctrine. As such, we affirm his convictions.

Affirmed.

MATHIAS, J., and BROWN, J., concur.