

**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Oct 07 2013, 6:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL MORRISEY,                )
                                 )
    Appellant-Defendant,         )
                                 )
        vs.                      )    No. 49A04-1304-CR-146
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1201-FC-4618

**October 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Michael Morrisey challenges the sufficiency of the evidence supporting the trial court's revocation of his community corrections placement. We affirm.

Morrisey pleaded guilty to Class C felony criminal confinement, Class D felony strangulation, and Class D felony battery. The trial court accepted the plea, entered judgments of conviction, and sentenced him to an aggregate term of four years. Two years were ordered to be served in the Department of Correction followed by two years in community corrections. The court also ordered him to complete twenty-six weeks of domestic violence counseling.

Morrisey began his community corrections placement at Duvall Residential Center in October 2012. In January 2013, the State filed a notice of community corrections violation, which alleged that Morrisey: (1) failed to comply with a court-ordered substance abuse treatment program; (2) failed to enroll in court-ordered domestic violence counseling; and (3) violated Duvall Residential Center rules. The first and third violations alleged that Morrisey was in possession and under the influence of synthetic drugs. Regarding the failure to enroll in court-ordered domestic violence counseling, the notice stated, "In an office visit with Community Supervision Manager Jaime Sherls on 11/30/[2]012, the defendant was informed that he would have to be enrolled in Domestic Violence classes by 12/28/2012. As of 1/25/2013, the defendant has failed to enroll in court ordered Domestic Violence Counseling." Appellant's App. p. 59.

The trial court held a hearing, at the start of which it noted that the first and third allegations needed to be resolved. As to the second, it stated, "The Defendant has admitted that he failed to enroll in court-ordered Domestic Violence Counseling

2

according to my notes, okay." Tr. p. 3. Morrisey, by counsel, responded, "That's what I have in mine too, Judge." *Id.* Morrisey asked the State what it was recommending as a sanction, and when he learned the State wanted him to serve the remainder of his sentence at the Department of Correction, he decided to continue to a contested hearing. *Id.* at 7, 10.

The State presented evidence on each of the allegations. William Beck, a community corrections employee, testified about Morrisey's failure to enroll in court-ordered domestic violence counseling. Beck stated that despite being advised in an office visit that he needed to get into domestic violence counseling, Morrisey had not done so by January 25, 2013.

Morrisey testified in his own defense, addressing only the synthetic drug allegations. Neither the State's nor Morrisey's closing arguments addressed the substance of the domestic violence counseling allegation. In fact, Morrisey explicitly stated, "[W]hatever you're going to do, Judge, you're going to do because my client already admitted that he did not enroll in Domestic Violence Counseling. He admitted it to this Court. The only thing we're contesting is whether or not he was trafficking, the specific allegation, in some sort of illegal possession of synthetic marijuana or some illegal substance . . . ." *Id.* at 34-35.

The trial court found that the evidence regarding the synthetic drugs did not rise to the necessary level of proof. However, it noted Morrisey's admission to the domestic violence counseling allegation and further found that Morrisey's own testimony proved he had violated other Duvall Residential Center rules: he was off his bunk during count,

3

had cigarettes in his possession, and failed to stay in a location as ordered by a Duvall employee. The court thus determined that Morrisey had violated the conditions of his community corrections placement, revoked that placement, and ordered him to serve the balance of his sentence in the Department of Correction.

The sole issue Morrisey presents for our review is whether the evidence is sufficient to support the revocation of his community corrections placement. We review the revocation of a community corrections placement in the same manner as a revocation of probation. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). That is, a community corrections revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.* We consider the evidence most favorable to the trial court's judgment without reweighing the evidence or judging the credibility of the witnesses. *Id.* We affirm the revocation if there is substantial evidence of probative value to support the trial court's conclusion that the defendant has violated any terms of the community corrections placement. *Id.*

In challenging the sufficiency of the evidence, Morrisey claims that the only evidence regarding the domestic violence counseling allegation was inadmissible hearsay. He also argues that the Duvall rules violations found by the court were not included in the notice of community corrections violation and, in any event, were not supported by sufficient evidence or were too minor to justify revocation. We decline to address these claims because statements made by both Morrisey and the trial court during the hearing indicate that Morrisey admitted he failed to enroll in court-ordered domestic violence counseling.

4

Morrisey now argues that he did not admit the domestic violence counseling allegation to the court. However, his unequivocal statements at the hearing that he had so admitted bars any challenge to the violation here. *See Baugh v. State*, 933 N.E.2d 1277, 1280 (Ind. 2010) ("Under the invited error doctrine, a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct." (internal quotation omitted)).

Violation of a single condition of a community corrections placement is sufficient to revoke that placement. *See Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), *trans. denied*. Morrisey's admitted failure to enroll in court-ordered domestic violence counseling is thus sufficient to sustain the revocation of his community corrections placement.

Affirmed.

MAY, J., and CRONE, J., concur.